UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                                 :

In re:                                :

                                   :     Hearing Date:  August 11, 2016

WATERBURY REALTY, LLC.        :     At 10:00 A.M.

                                   :

                                   :     Chapter 11

                      Debtor.        :     Case No. 16-11779-SCC

                                   :

-------------------------------------------------------------- x

# REPLY TO OBJECTION TO SALVATORE CASCINO'S MOTION
# TO DISMISS THE BANKRUPTCY AND OTHER RELIEF

ROBINSON BROG LEINWAND
  GREEN GENOVESE & GLUCK P.C.
*Attorneys for Salvatore Cascino*
875 Third Avenue, 9th Floor
New York, New York 10022
(212) 603-6300

{00805953.DOC;5 }

REPLY

## I.      David Holand Lacked Authority Under Connecticut LLC Law to File Waterbury Realty, LLC for Bankruptcy.

1.      David Holand ("Holand"), as a mere fifty percent member of Waterbury Realty, LLC ("Waterbury Realty" or the "Company") does not currently have, and has never had, authority under Connecticut Law file bankruptcy for the Company. On June 24, 2016, Salvatore Cascino ("Cascino") sent written notice to Holand's counsel: (i) that he owns fifty percent of the membership interest of Waterbury Realty; (ii) that, as a fifty-percent member of the Company, he did not authorize the instant petition for bankruptcy (the "Petition"); and (iii) requesting the withdrawal of the Petition.  (Declaration of Nicholas Caputo, dated August 8, 2016 ("Caputo Decl.") Ex. B.)  Rather than address this threshold issue of Holand's authority to Petition the Court for bankruptcy, Holand chose to make multiple motions subsequent to the Petition, all of which required Cascino to address the fundamental issue of corporate authority.

2.      The issue is a very simple one: whether a Connecticut LLC can be subject to a voluntary bankruptcy petition filed by a member who lacks a majority of the membership interests.  The facts necessary to determine whether Holand possesses the requisite limited liability company ("LLC") authority to petition for bankruptcy are not in dispute.

3.      Nonetheless, in an apparent effort to inundate and distract this Court, Holand has included numerous pages of "allegations," which are largely *ad hominem* attacks against Cascino, that shed no light whatsoever on whether Holand had the requisite LLC authority.  It is unfortunate that these unnecessary and irrelevant allegations have dramatically increased the number and length of submissions to this Court, not to mention poisoned the tone, which required Cascino to respond to these misrepresentations and outright falsehoods.

{00805953.DOC;5 }                                    2

4.      In the Motion to Dismiss, Cascino cited this Court to the relevant provisions of Connecticut LLC Law that govern management of an LLC and that confer authority on the members to act on behalf of the LLC (Connecticut General Statutes ("General Statutes") §34-142). Section 32-142 requires that the "<u>affirmative vote</u>" of a "majority" of the members "shall be required to decide <u>any</u> matter concerned with the business or affairs" of the LLC.  (emphasis added.)  There was never a "vote," and the bankruptcy filing was never approved by a majority of the members.  Therefore, the Petition is void and should be dismissed.

5.      In both his objection to Cascino's Motion to Dismiss, and his motion to Appoint Himself the Responsible Person, Holand changed his position as to the basis of the authority that he was authorized to file the Petition under.  Holand eventually relied upon both General Statutes § 34-208 (concerning the wind up of an LLC's affairs) and § 34-130 (governing the apparent authority of a member to bind the LLC in the usual course of business).  Those arguments were addressed at length in Cascino's Objection (the "Objection") to Holand's Motion to Appoint Himself the Responsible Person and, in the interest of brevity, are not repeated herein.  (*See* Dkt. No. 27, incorporated herein.)  Suffice it to say, the two statutory provisions Holand relies on do not authorize him to unilaterally file the Company for bankruptcy and only demonstrate that Holand lacked a good faith basis to file the Company for bankruptcy.[1]

---

[1]      Holand possess a fundamental misunderstanding of Connecticut law.  Holand argues that the management of the Company's operations is solely governed by General Statutes § 34-130. The operative statute on management of an LLC, however, is contained in General Statutes § 34-142.  General Statutes § 34-130, as demonstrated in the Objection, only addresses a member's apparent authority to "bind" the LLC in the usual course of business.

In addition, Holand states that Cascino incorrectly relies on § 34-130(b). This is an unusual position given that Cascino is not relying on § 34-130(b), as that provision addresses an LLC manage by <u>managers</u>.  In this case, there is no dispute that the Company is member-managed by Cascino.  Rather, Cascino relies on § 34-142, which requires a vote of the majority of members to take actions on behalf of the business.

Further, in paragraph thirty-seven of Holand's objection to the Motion to Dismiss, Holand claims that *Gretchyn v. Granite Rock Assocs.*, 2004 Conn. Super. LEXIS 1656, 2004 WL 1615929 (Conn. Super. Ct. June 25, 2004), is a basis for this Court to find that Holand has authority to file the Petition.  In *Gretchen*, the Court specifically held that the plaintiff had <u>actual</u> authority (as well as apparent authority) to sign and bind the LLC to a

6.      Given the certainty that a majority of the membership interest is required to petition for bankruptcy under Connecticut law, there was no good faith basis for the proceeding and the complete abject failure of Holand to demonstrate his corporate authority is grounds for sanctions.  After Cascino's counsel put Holand and his counsel on notice as of June 24, 2016 that the filing of the Petition required a majority of the member's approval and requested that the bankruptcy be withdrawn, not only did Holand not withdraw the bankruptcy as he should have, but he then made motions to conduct an examination of Cascino, to retain counsel, to appoint himself as the responsible person for any wind up, and opposed the Motion to Dismiss, without a good faith basis to do so on behalf of the Company.  Holand forced this Court  to consider, and counsel to litigate and brief, numerous motions, all of which are moot without meeting the threshold issue of whether there was corporate authority for the filing, which there was not.  In light of the same, once Cascino sent the June 24, 2016 letter, Holand and his counsel unnecessarily prolonged the proceedings in violation of 28 U.S.C. 1927.  (Caputo Decl. Ex. 2.)

7.      Given that Holand had no authority to file the Petition, it should be dismissed.

**II.      Even if Holand Had Authority to Petition for Bankruptcy (and He Did Not), Holand Provided No Factual Basis to Maintain the Bankruptcy.**

8.      While Holand's lack of authority to file the Petition is dispositive, and the Court need not proceed any further, it is very compelling that Holand has not articulated any legitimate bankruptcy reason to maintain this case.  Nowhere in his Objection has Holand addressed the "for cause" basis for dismissal of the Petition.  But rather, Holand goes into a discussion about the subjective and objective bad faith dismissal standard.  Since the Motion to Dismiss pled that

---

promissory note.  The member who signed the note had a sixty percent membership interest in the LLC.  That case also had nothing to do with the filing of a bankruptcy.

{00805953.DOC;5 }                                    4

this case should be dismissed for "cause," any discussion about subjective and objective bad faith is misleading and irrelevant.[2]

9.      Despite providing an exhaustive, nine-page fact section in his objection, nearly all of which is irrelevant, Holand's papers are most notable for what he has not claimed or disputed. For instance, Holand does not challenge the fact that there are no creditors that require the Company to petition for bankruptcy. He does not claim that the Company is insolvent. He does not claim that there is, or was, any event (imminent or otherwise) that requires a bankruptcy court's intervention. He does not challenge Cascino's argument that the filing of the Petition and the removal of the State Court Action was an attempt to engage in forum shopping.[3]

10.      What Holand does try to do is make a series of outrageous, inflammatory allegations, which only prove that the current dispute is a two-person "partnership dispute" and not a legitimate bankruptcy. Paragraph 28 of Holand's objection to the Motion to Dismiss identifies why he filed the Petition. Again, all of the reasons stated therein are disputes with Cascino that are redressable, if at all, in the State Court Action.[4] Paragraph 28 mentions nothing

---

[2]      The being said, the fact that there is no objective basis for the Petition is strong evidence of the Petition's bad faith.

[3]      Instead, Holand submits a sixteen-paragraph attorney affidavit that attempts to summarize five years of litigation, in an apparent attempt to establish that the State Court Action case was not trial ready before it was removed. That issue is a side show created by Holand. To suggest that the case is not trial ready, despite the fact that it has been pending for over five years is ridiculous. Without belaboring the point, Cascino attaches the Caputo Declaration which demonstrates Cascino produced boxes of documents to Holand's counsel in or about 2011, (over five years ago), and that the Supreme Court Judge stated on several occasions recently that this case was going to be certified for trial at the next conference.  Mr. Caputo was Cascino's attorney throughout the State Court Action, unlike Mr. Maizes, who never even attended a court conference in the State Court Acton and did not even file a Notice of Appearance until June, 2016. In any event, none of Holand's protestations about the status of the State Court Action refute the notion that the bankruptcy and removal of the State Court Action was a product of blatant forum shopping.

[4]      If Holand wants to dissolve the Company or seek a receiver, he can do so in Connecticut State Court in the judicial district of Waterbury as required by General Statutes § 34-208. He did not do so because Connecticut LLC law plainly would not allow it. Based on § 34-208, Holand could not dissolve the Company (and he has never even sought that relief), and he could certainly not have a receiver appointed given Cascino's handling of the Company's affairs for the last twelve years. In fact, Holand would be estopped from seeking that relief and barred by the statute of limitations.

about the inability to pay creditors, the solvency of the Company, or any dispute or obligation

involving a third party other than Holand and Cascino—the only parties to this dispute.[5]

11.    In his objection to the Motion to Dismss at footnote 2, Holand suggests that

perhaps a trustee should be appointed.  Given that Holand had no corporate authority for the

Petition, there is no basis or need for a trustee.  The appointment of a trustee is a drastic form of

relief that is not warranted or justified in this case.  It is clear that Holand wants this Court to

grant him rights that he does not have under Connecticut law.   Further, when one considers the

time that elapsed between Cascino's alleged wrongful conduct and Holand's complaints,

Holand's bad faith motivation in filing for bankruptcy is manifest.  In that regard, Holand alleges

Cascino mishandled environmental remediation directed by state and federal agencies in <u>2003</u> as

a basis for petitioning for bankruptcy in 2016.  The alleged wrongful conduct was thirteen years

ago.  The renovations Cascino performed after a fire occurred in 2002—fourteen years ago.

These incidents, even if true, which occurred many years ago, simply cannot be the basis for a

bankruptcy now.  Indeed, even if the Court assumes, *arguendo*, that Cascino acted wrongfully

(which he did not), the alleged wrongful conduct may constitute the basis for Holand's tort

claims in the State Court Action, not the basis for a federal bankruptcy action in the absence of

creditors or insolvency of the Company.

### III.    Holand Once Against Chooses to Misrepresent the Facts.

12.    Holand seems content to simply make statements to this Court whether they are

true and accurate or not.  In that regard, Holand claims that he attempted to purse every

alternative means of remediating Cascino's alleged mismanagement of the Company.  In fact,

---

[5]     In his objection to the Motion to Dismiss, Holand makes allegations without any regard to the truth.  For example, he states that the 2004 application was made "based on Cascino's refusal to provide Holand with any documents."  In fact, Cascino has produced literally thousands and thousands of records (boxes full).  Prior to making his application for a 2004 examination, Holand never requested any documents from Cascino in this bankruptcy case.

{00805953.DOC;5 }                                          6

the only thing Holand ever did was file the State Court Action five years ago. He has not filed

for dissolution of the Company, he has never asked for a receiver, he has not written a single

communication to Cascino asking for, or complaining about, anything, and in fact, as has already

been demonstrated, he never even responded to any of the twenty-plus letters Cascino sent

Holand over the years asking for information or participation. Holand admitted at his deposition

that he was ill for many years (and could not participate in the management), yet now, along with

new counsel, he wants to convince this Court he has done everything he can to "save" the

Company.

13.     The truth is that, in the State Court Action, which is the one and only avenue that

Holand has employed to seek redress for the wrongs Cascino has allegedly done to him, Holand

has done everything he possibly could to delay the trial. In fact, in his Objection at paragraph

22, Holand mentions a mediation before the Judge, but what he fails to tell this Court is that it

was Holand that requested the mediation session, at the conclusion of which Holand refused to

negotiate and told the Judge he wants to go to trial. Then, when the Judge said he would certify

the case "trial ready," Holand retained new counsel, Mr. Maizes, who immediately asked

Cascino to participate in a private mediation for which Holand would pay the entire expense.

Holand then used that mediation to further delay the State Court Action. At the conclusion of

this second mediation, a deal was reached in principle, but several days later, Holand refused to

consummate it.[6]

14.     Finally, Holand's claim that Cascino "strong-armed" him to take over the

Company is belied by Holand's deposition transcript submitted with the Motion to Dismiss, as

---

[6]     The lack of candor in this case by Holand is remarkable. For example, Holand claims he should be permitted to retain the firm of Delbello Donnellan Weingarten Wise & Wiederkehr, LLP because the US Trustee's office, by Richard Morrissey, Esq. ("Mr. Morrissey"), approved the retention. What he fails to tell the Court is that Mr. Morrissey signed the order before he knew Cascino objected to the filing of the bankruptcy. (*See* Caputo Decl. Ex. 1.)

{00805953.DOC;5 }                                        7

well as all of the correspondence that Cascino sent Holand showing Cascino's meticulous efforts to communicate with him.  In his deposition, Holand claimed that he was not involved with the Company <u>voluntarily</u> as a result of his illness.  In his deposition, Holand praised Cascino for his work on behalf of the Company.   Also, as shown, Cascino sent Holand numerous letters concerning, *inter alia*, environmental remediation, renovations after the fire, and past-due taxes at the property.  Cascino implored Holand to get involved.  Those letters sent by Cascino showed a very patient person—not a person who strong-armed anyone.   Instead of engaging with Cascino, Holand chose to bury his head in the sand.


   **WHEREFORE**, Cascino respectfully requests that the motion be denied in its entirety, and that the Court grant him such other and further relief as may be just and proper.


**Dated:**  New York, New York
       August 4, 2016


                    **ROBINSON BROG LEINWAND GREENE
                      GENOVESE & GLUCK P.C.**
                    **Attorneys for the Salvatore Cascino**
                    875 Third Avenue, 9th Floor
                    New York, New York 10022
                    Tel. No.:  (212) 603-6300


                    By: /S/Robert M. Sasloff
                        **Robert M. Sasloff**
                        **Nicholas R. Caputo**